IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH CLARK,

                Plaintiff,

v.

BRIAN WRIGHT,

                Defendant.

OPINION and ORDER

25-cv-522-jdp

---

Plaintiff Joseph Clark, proceeding without counsel, alleges that Barron County District Attorney Brian Wright refuses to fulfill his open records requests. The court has allowed Clark to proceed without prepayment of any portion of the filing fee. Dkt. 3.

The next step is for me to screen Clark's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case for lack of subject matter jurisdiction.

Clark sues Wright under the Wisconsin open records law, and he states that this federal court has diversity jurisdiction over that claim because he and Wright are citizens of different states and he seeks $75,000 in both attorney fees and in punitive damages, both of which are available under that law. *See* Wis. Stat. § 19.37(2)–(3). But open-records claims must be brought in a mandamus action "asking a court to order release of the record." § 19.37(1). Clark recognizes this, as he titled his pleading as a petition for writ of mandamus. This federal court

generally cannot order a state official to follow state law; so I cannot issue a writ of mandamus ordering Wright to turn over the records that Clark seeks. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *cf. Coniston Corp. v. Vill. of Hoffman Ests.*, 844 F.2d 461, 469 (7th Cir. 1988) ("the court had in any event no jurisdiction to issue a mandamus against state officials for violating their duties under state law"). And even assuming that I could consider Clark's claims for punitive damages or attorney fees separately from his requests for the records, I conclude that he doesn't plausibly meet the $75,000 threshold for diversity jurisdiction. This case belongs in state court.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment accordingly and close the case.

Entered June 24, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge